## DUNN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

**Corporation:** PRINCIPAL AND AGENT.    To defeat an action brought against a corporation for the value of certain staves, the corporation offered to show that they were made of timber wrongfully taken from land which was the private property of its president, and that an agent of the corporation took possession of them for the president, but the evidence was excluded.    *Held,* no error, there being no evidence that the agent of the corporation was also the agent of the president in his individual capacity.

*Appeal from Stoddard Circuit Court.*—HON. R. P. OWEN, Judge.

AFFIRMED.

*W. R. Donaldson* and *Thoroughman & Warren* for appellant.

NORTON, J.—This is an action commenced before a justice of the peace for the recovery of the value of 1,000 staves alleged to have been taken and used by defendant in repairing its road.    The cause was tried in the Stoddard county circuit court, to which court an appeal had been taken, and resulted in a judgment for plaintiff, from which defendant appealed to this court.    The only ground of error to which our attention has been called, is the action of the court in rejecting on the trial evidence offered by defendant to prove that the land from which the timber was taken, out of which the staves were made, was the property of Thomas Allen, president of defendant corporation, and that an agent of defendant took possession of the same for Allen.    This evidence was properly rejected, because it did not tend to show that the agent of defendant who took possession of the staves for Allen was the agent of Allen, and by virtue of such agency took the staves.    If the staves, in point of fact, had been wrongfully and without license made out of timber on land the

property of Allen, either he, or any agent authorized by him, might have taken possession of the staves and turned them over to defendant; but as the evidence offered did not tend to establish any such agency or authority from Allen to the agent of defendant taking the staves, it was properly held to be inadmissible. Judgment affirmed with the concurrence of the other judges.